## WIMER v. SHELTON.

1. On demurrer judgment will be given against the party whose pleading was first defective in substance.

2. In an action against the assignor of a note, not negotiable within the meaning of the statute concerning "Bonds and Notes," the declaration must aver the existence of some fact which, under the statute, renders the assignee liable.

Appeal from the Circuit Court of St. Louis county.

### Bowlin for Appellant.

1st. That the plea is good and should have been sustained, and demurrer overruled. The plea alleges a corrupt usurious transaction between the plaintiff below and George W. Call, the maker of the note, and that the whole amount of this note is made up of usurious interest, on which appellant's endorsement was procured.

2d. That if the plea is even bad, the declaration is worse. It sets forth a note, not negotiable under the statute; and does not aver any thing under the statute to entitle him to recover. And the court should have overruled the demurrer to the plea, and as the declaration was bad, should have made it cut back to the first defect, and sustained it to the declaration. See 1 Chitty, page 707, and this rule will hold whether demurrer be special or general. 3 Cranch, 235. That declaration is bad, see R. C. page 105; Missouri Rep. vol. 6, 265.

### Drake for Appellee.

1st. That the record shows nothing to rebut the conclusion that evidence was given under the common counts upon which the court below might properly have rendered the judgment it did. There should have been a bill of exceptions to show that no such evidence was given.

2d. Admitting the first count of the declaration to be bad, in not averring the non-residence or insolvency of the maker of the note, or his having been prosecuted with due diligence, still the judgment by *nil dicit* cures the defect, because this court is bound to take it for granted that one of

those facts was proven on the trial. Revised Code, page
468.

3d. That the matters set out in the appellant's second plea constitute a defence personal to Call, the maker of the note, of which the defendant cannot avail himself, unless he shows himself to be an accommodation endorser for Call, without consideration, which the plea does not show; but, on the contrary, authorises the conclusion that he was endorser for value.

4th. That an endorser for value cannot inquire into a consideration passing between the maker and the endorsee he not being privy to the matter.

5th. That the plea alleges an inconsistency in stating that the note was given for $400, due at its date, and embraced $32 of usurious interest when in fact the note sued on is for $400 only.

6th. That the plea concludes that the note is void, when, admitting the facts, it is not void.

7th. That the plea does not set out the date of original alleged loan from Shelton to Call.

8th. That no money appears to have been loaned by Shelton to Call, upon which usurious interest could be charged in the note sued upon.

9th. That the plea is inconsistent in the statement of the time for which the usurious interest was agreed to be paid. Bayley on Bills, 2d Am. ed. p. 393; State Bank v. Hurd, 12 Mass. Rep. 172; Mandeville v. Riddle, 1 Cranch's R. 290; Criger v. Armstrong and Barnwell, 3 Johns. cases, 5; Pierce v. Crafts, 12 J. R. 90; Wild v. Fisher, 4 Pick. R. 421; Olcott v. Rathbone, 5 Wendell's R. 490; Mack v. Spencer, 4 do. 411; Rochfeller v. Robinson, 17 do. 206; Cole v. Cushing, 8 Pick. R. 48.

*Opinion of the Court by Napton Judge.*

This was an action of assumpsit, brought by Shelton against Wimer on a promissory note made by one George W. Call, payable to the order of the defendant, Wimer, and

endorsed by the defendant to the plaintiff. The note sued on was not a negotiable note within the meaning of our act on that subject. The declaration contained a special count, containing the averments usual in declarations upon negotiable instruments, but containing no averment of the institution of any suit against the maker, or of his insolvency, or of the existence of any fact which under our statute alone renders the assignor liable. The declaration also contained the common counts, for money lent, money had and received, money paid, &c.

The defendant pleaded first, non-assumpsit, and secondly, a special plea setting forth a usurious transaction between Call and Shelton, and the execution of the note sued on in pursuance of such corrupt and usurious contract, and that the defendant endorsed the note for the accommodation of Call.

Issue was taken on the plea of non-assumpsit, and a demurrer filed to the plea of usury. The court sustained the demurrer, and gave leave to the defendant to amend his pleadings.

On demurrer judgment will be given against the party whose pleading was first defective in substance.

At a subsequent term, the defendant withdrew his plea of non-assumpsit, and waived his leave to amend his record plea, and the court gave judgment of *nil dicit*. The court conceiving it manifest from the instrument of writing on which the action is founded, that the amount of damages was fixed by said instrument, assessed the damages accordingly without summoning a jury. Judgment was then entered up, and from this judgment defendant has appealed to this court.

In an action against the assignor of a note, not negotiable within the meaning of the statute concerning Bonds and Notes, the declaration must aver the existence of some fact which, under

Admitting that the plea was bad, the demurrer when sustained, should have reached back to the first count in the declaration. That count contained no averment of any fact, which would under our act concerning bonds and notes authorise a suit against the assignor, and was therefore bad. But the court, after the withdrawal of the plea of non-assumpsit, proceeded to assess the damages, as though the first count in the declaration was still valid. That was the only count containing any description of the note, and the only count which could authorise the court to dispense with the

finding of a jury. The plaintiff obtained a benefit from his demurrer to which he was not entitled, and the judgment must therefore be reversed.

Wimer
vs.
Shelton.

*Tompkins, Judge.*

the statute, renders the assignee liable.

The entry, in my opinion, shows no judgment on the demurrer, and it is, in my opinion, as if no plea had been filed.

*Scott, Judge.*—I concur.